## F. C. GERLACH & CO. v. UNITED STATES

**No. 7551.**—Invoices dated Burslem, England, November 1945.
Certified December 14, 1945, etc.
Entered at New York, N. Y., January 10, 1946, etc.
Entry Nos. 732440; 727980.

(Decided February 20, 1948)

*Jordan & Klingaman* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: This proceeding has been submitted upon a stipulation wherein the parties hereto have agreed that the issues involved in these reappraisements are the same in all material respects as in the case of *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334. The record in that case was admitted as part of the record herein.

In view of the aforesaid stipulation and accepting same as a statement of fact, and in view of the decision cited, I find and hold that the export values of the merchandise are the values found by the appraiser, less any additions on entry by the importer by reason of advances by the appraiser in similar cases to equal the so-called British purchase tax.

Judgment will be rendered accordingly.

## SIG. JACOBS CO. v. UNITED STATES

**No. 7552.**—Invoice dated London, England, April 1, 1946.
Certified April 1, 1946.
Entered at New York, N. Y., April 29, 1946.
Entry No. 756398.

(Decided February 24, 1948)

*Fred Bennett* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values.

Judgment will be rendered accordingly.